**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>21-CR-60124-SMITH</u>**

**UNITED STATES OF AMERICA**

v.

**JASON TODD FALEY,**

        **Defendant.**

_____/

**GOVERNMENT'S MOTION TO COMPEL IMMEDIATE PRODUCTION OF**
**<u>GOVERNMENT PROPERY AND SHOW CAUSE ORDER FOR NONCOMPLIANCE</u>**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Motion to Compel Immediate Production of Government Property and respectfully requests this Court enter an Order to Show Cause as no good faith attempt to comply with this Court's Order has been made by Court Appointed Counsel Christopher Grillo, on behalf of his client, Defendant Jason Todd Faley—to the detriment of the United States of America.

1. On March 30, 2023, this Court entered an Order for the return of Department of Defense, ("DOD"), property on or before August 1, 2023. [ECF No. 618]

2. On August 1, 2023, Mr. Grillo sought a 30-day extension of time to comply with this Court's Order. [ECF No. 695] On August 2, 2023, this Court Ordered Mr. Grillo to return DOD's property on or before August 17, 2023. [ECF No. 696] The date of return expired.

3. On August 17, 2023, DOD agents emailed Mr. Grillo and provided notice of their intent to retrieve DOD's property from Mr. Grillo's office on August 21, 2023.

4. On August 21, 2023, at approximately 2:05pm, Mr. Grillo defied this Court's Order, again. When DOD agents provided Mr. Grillo with an estimated time of arrival, Mr. Grillo immediately reported he was out of his office and thwarted DOD's attempt to retrieve DOD property. Mr. Grillo told DOD agents he would "reach out" the following day. On August 22, 2023, the following day, Mr. Grillo failed to reach out to DOD agents.

5. On or about August 24, 2023, the undersigned emailed Mr. Grillo regarding the return of DOD's property. On August 28, 2023, the undersigned sent another email to Mr. Grillo regarding the return of DOD property. On September 8, 2023, in an email to Mr. Grillo, the undersigned characterized Mr. Grillo's refusal to comply with the Court's Order as a deliberate disregard for the rule of law.

**LAW**

District courts have the inherent power to enforce compliance with their orders through civil contempt. *Roadway Express, Inc. v. Piper, 447 U.S. 752, 764–65 (1980)*. "A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1529 (11th Cir. 1992)* (per curiam). Clear and convincing evidence must demonstrate that: "1) the allegedly violated order was valid and lawful; 2) the order was *clear and unambiguous*; and 3) the alleged violator had the ability to comply with the order." *See Ga. Power Co. v. N.L.R.B., 484 F.3d 1288, 1291 (11th Cir. 2007)* (emphasis in original). "Ambiguities should be resolved in favor of the party charged with contempt." United States v. Barnette*, 902 F. Supp. 1522, 1532 (M.D. Fla. 1995)*. Once a prima facie showing of a violation is made, the burden shifts to the alleged contemnor "to produce

evidence explaining his noncompliance" at a show-cause hearing. *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991).

## ARGUMENT

Mr. Grillo's actions have fallen on the government to bear.

Mr. Grillo's deliberate disregard has hampered the government's ability to effectively investigate and expedite the review of electronically stored information (ESI) in criminal and civil investigations. For nearly a year, Mr. Grillo has maintained custody of the only combodock system in the Cyber Unit at DCIS. The unit was unable to replace the now discontinued combodock. As a result, the DCIS Cyber Unit is unable to forensically copy hard drives, on site, during search warrant executions. DCIS Cyber Unit assists multiple agencies with forensic imaging during search warrant executions across the United States. DCIS Cyber's inability to fully assist other agencies and help fellow agents with forensic investigations has greatly affected the forensic community.

Mr. Grillo's lack of care and his refusal to return DOD property may have permanently destroyed ESI evidence provided to Defendant Faley, loaded with the initial GoDaddy disclosure. According to Mr. Grillo's filing, [ECF No. 729], files are missing from the hard drive provided by DOD in the initial hard drive provided to Mr. Grillo, on November 10, 2022, is the disclosure with missing files. this prosecution is missing files. SATA drive provided to the iMr. Grillo has alleged on the record, off the record, in court, and out of court, that the undersigned tampered with ESI evidence and intentionally removed files from a GoDaddy production. The undersigned has now learned, the GoDaddy hard drive with data allegedly missing, is the DOD SATA drive provide to Mr. Grillo in November 2022. When DOD provide Mr. Grillo with the SATA drive, approximately 422,954 documents were loaded on the drive. If data is now missing

from the SATA drive, inquiry should be made of the person in whose custody the drive has remained. According to the manufacturer's website, forensic combodock has two (2) optional modes, which include: write-blocked or read/write access to bare SATA or IDE/PATA drives. To write over data, the user of the forensic cyberdock must intentionally select the read/write option. https://www.cru-inc.com/products/wiebetech/wiebetech_forensic_combodock_v5/

WHEREFORE, the United States of America, by and through the undersigned Assistant United States Attorney, hereby seeks to compel Defendant Faley and attorney Christopher Grillo, to produce all Department of Defense property and show cause for his refusal to comply with this Court's Order.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: s/ Breezye Telfair
Breezye Telfair
Assistant United States Attorney
Florida Bar No. 18055
101 South U.S. Highway 1, Suite 3100
Fort Pierce, Florida 34950
Telephone (772) 293-0942
Email: breezye.telfair@usdoj.gov