UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 21-60124-CR-SMITH

UNITED STATES OF AMERICA

vs.

JASON TODD FALEY,

      **Defendant.**

_____/

## FACTUAL PROFFER

The United States and Defendant Jason Todd Faley ("Defendant") agree that had this case proceeded to trial, the United States of America would have proven, beyond a reasonable doubt, the following facts, among others, pertaining to a violation of Title 18, United States Code, Section 1349, which occurred in the Southern District of Florida and elsewhere.

Between approximately 2014 and 2016, Defendant knowingly and willfully conspired with co-defendant Mark Vollaro ("Vollaro") and others listed in the Indictment to commit wire fraud. The scheme involved marketing medically unnecessary compound medications with high insurance reimbursement rates to beneficiaries of Tricare/ChampsVA and other private commercial insurance companies. The beneficiaries would receive unsolicited calls from telemarketers and were then referred to telemedicine doctors who would sign off on, among other things, pre-determined, medically unnecessary compound prescriptions that would ultimately be submitted for reimbursement to insurance companies. The prescriptions were chosen based on their high reimbursement rates as opposed to the individualized medical needs of the beneficiaries. The scheme involved the use of interstate wires, including but not limited to

e-mails, text messages, and the electronic submission of claims for reimbursement to insurance companies.

The conspiracy involved numerous individuals playing various roles. For example, Vollaro ran a company called Complete Healthcare Concierge, Inc. ("CHC"), which, among other things, connected beneficiaries brought in by marketers with doctors willing to sign off on the medically unnecessary prescriptions. The signed prescriptions would then be sent to specific pharmacies that would, in some instances, pay Vollaro and the marketers a portion of the reimbursement from the insurance companies.

Defendant was a knowing and willful participant in the conspiracy. Defendant was friends with Vollaro and worked with him at CHC. Defendant's role at CHC included, among other things, contacting and coordinating with doctors, pharmacies, and marketers that were complicit in the fraud scheme. For example, Defendant would track doctor consults, payments to and from doctors and marketers, and would sometimes handle invoicing and would intake complaints from doctors and marketers.

Evidence of Defendant's knowing and willful participation in the conspiracy includes corporate records of CHC, banking and transaction records, as well as text and e-mail communications with co-conspirators. Defendant agrees that he was aware of the unlawful purpose of the conspiracy and knowingly joined in it.

[THIS SPACE INTENTIONALLY LEFT BLANK]

The information contained in this proffer is not a complete recitation of the facts and circumstances of this case, but the parties agree it is sufficient to prove Count 2 of the Indictment beyond a reasonable doubt.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 11-20-23   By: _____
DAVID S. TURKEN
ASSISTANT UNITED STATES ATTORNEY

Date: 11/20/23   By: _____
CHRISTOPHER GRILLO
ATTORNEY FOR THE DEFENDANT

Date: 11/20/23   By: _____
JASON TODD FALEY
DEFENDANT

3